UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

    Andy Baron Elliott,
    Sandra Leah Elliott,                                    Chapter 7

                Debtors.                            Bankr. No. 21-30420

---

**Mary R. Jensen, Acting United States Trustee,**

                Plaintiff,

vs.                                                                                 Adv. No.

**Andy Baron Elliott,
Sandra Leah Elliott,**

                Defendants.

---

**COMPLAINT OBJECTING TO DISCHARGE**

---

      Mary R. Jensen, Acting United States Trustee, Plaintiff, by and through her undersigned attorney, for this complaint against Andy Baron Elliott and Sandra Leah Elliott, Defendants, states and alleges that:

      1.      This complaint is filed under FED. R. BANKR. P. 7001(4) and seeks an order denying the Defendants' discharge in their underlying bankruptcy case pursuant to 11 U.S.C. §727(a)(6).

      2.      This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334 and FED. R. BANKR. P. 4004.   This proceeding is a core proceeding.

      3.      The United States Trustee has standing to commence this adversary proceeding pursuant to 28 U.S.C. § 586(a) and 11 U.S.C. §§ 307 & 727(d).   The United States Trustee

1

consents to the entry of a final order in this adversary proceeding.

4. Upon information and belief, the Defendants are residents of North Dakota.

5. The Defendants commenced the underlying bankruptcy case (BK No. 21-30420) on September 28, 2021 under Chapter 13 and converted to Chapter 7 on January 9, 2024. *See* Att. Ex. 1 (ECF Pacer Report).

6. The deadline for the United States Trustee to file a complaint objecting to the discharge under § 727 is January 31, 2025. *See* Ex. 1, Docket No. 169.

7. On July 17, 2025, the United States Trustee filed a Motion to Compel the Turnover of Documents. *See* Att. Ex. 2 (Motion to Compel, Doc. 142).

8. As noted in the Motion to Compel, the UST made her first inquiry for documents from the Defendants on March 28, 2024, and sent follow up requests on April 12th, April 29th, May 6th, May 13th, May 23rd, June 10th, and June 26th, 2024, prior to filing the Motion to Compel.

9. The Court granted the motion on August 2, 2024. *See* Att. Ex. 3 (Order dated August 2, 2024, doc. 149).

10. The Order directed the Defendants to turnover the following documents and/or information:

   a. Account statements for account numbers ending 4646, 4145, and 1144 from October 2023 through December 2023;

   b. Account statements for account numbers ending 0100 and 3326 from September 2021 through the present, and page 2 of the September 2023 statement for account numbers ending 0100 and 3326;

   c. Account statements for account number ending 3588 from September 2021 through May 2023 and February 2024 through the present;

2

d. Account statement for account number 4958 for page 2 of the July 2021 statement [As noted *infra*, this statement has been provided];

e. Account statements for PayPal, Venmo, and Cash App statements for September 2021 through the present.

f. Supporting documentation showing the monthly payment and payoff amounts for the Dodge Ram loan listed on Schedule D.

g. The identity of the account that transferred $5,600 into account number ending 3588 on 6/6/23 from checking per Clint Bamert.

h. The identify of the account that transferred $5,600 into account number ending 3588 on 7/31/23 from check per Jimmie Butler.

i. The identify of the account that transferred $5,900 into account number ending 3588 on 8/28/2023 from "checking per Aaron Yoder".

j. An accounting of the contents of any storage units the Defendants have had since September 2021 [As noted *infra*, Defendant's bankruptcy counsel provided his statement that Andy Elliott did not have a storage unit].

k. An accounting of the source of all the deposits listed on the attachment titled, 3588 Deposits, including supporting documentation.

l. Documentation supporting the cash withdrawals made out of account number ending 3588:

    i. 10/6/2023 $100;

    ii. 11/2/2023 $500;

    iii. 11/2/2023 $1,000; and

    iv. 11/24/2023 $5,000

3

11. The Order stated that failure to turn over the documents within 14 days may result in sanctions.

12. Since the Order was entered, the United States Trustee has made multiple attempts to for the documentation subject to the Order.

13. A summary of the requests includes the following:

- 8/27/2024
    - Sent revised follow up request (listed items from the motion for turnover that are still outstanding)

- 9/13/2024
    - Sent follow up regarding 8/27/2024 revised request

- 9/27/2024
    - Sent follow up regarding 8/27/2024 revised request

- 10/3/2024
    - Defendants' bankruptcy counsel sent responses to some items but no documents. Counsel's response stated that Mr. Elliott has not had a storage unit since September 2021(*See* paragraph 10 (j), *supra)*, but the response was not verified or confirmed by Mr. Elliott and did not address Ms. Elliott.

- 10/17/2024
    - Sent reiterated follow up request of all items still outstanding after 10/3/2024 responses

- 10/31/2024
    - Sent follow up request regarding 10/17/2024 reiterated request

- 11/1/2024
    - Defendants' bankruptcy counsel replied to state that the Defendants were not able to get the bank statements, so Defendants' bankruptcy counsel was going to request them.

- 11/25/2024
    - Sent follow up for reiterated request sent on 10/17/2024

- 11/29/2024
    - Defendants' bankruptcy counsel replied that he obtained permission from the Defendants to obtain the bank statements and sent letters to the banks for records

4

- 1/6/2025
  - Sent follow up request regarding the bank records that DA requested directly from banks

- 1/8/2025
  - Received the bank statement for July 2021 for account 4958, which satisfies paragraph 10(d) above.

14. As of this date, the Defendants have not turned over the documents and information required by the Order except for Paragraph 9(d) above.

15. Under the Bankruptcy Code, Congress has authorized the UST to bring motions to dismiss for abuse under Section 707(b), to file complaints objecting to the discharge under Section 727 or to take other "such actions, as the United States trustee deems to be appropriate to prevent undue delay" in the progress of bankruptcy cases.   See 28 U.S.C. § 586(a)(3)(G).

16. The United States Trustee stated in her motion to compel that she may use non-compliance with the Court's order as cause to file an adversary to deny the Defendants' discharge under 11 U.S.C. § 727(a)(6).

## Count I

17. Paragraphs 1-16 are incorporated herein.

18. The Defendants have failed to turn over the documents and/or information of the estate.

19. The United States Trustee has made multiple requests for the information, has obtained an Order compelling the turnover of the information and has made multiple post-Order requests for the information.

20. The Defendants have made little to no effort to provide the documentation and/or provide an explanation for their finances.

21. The Defendants have failed to comply with the Order.

5

22.     The failure to comply with the Order is a refusal to obey a lawful order of the Court.

23.     The refusal to obey the lawful Order of the Court is willful and in violation of the Defendant's duties set forth under 11 U.S.C. § 521.

24.     Refusing to obey a lawful Order of the Court is an act specified in subsection (a)(6) of Section 727.

25.     Cause exists to deny the Defendants' discharge under 11 U.S.C. § 727(d)(3).

WHEREFORE, the Plaintiff requests that this Court enter judgment denying the Defendants' discharge herein, together with such other and further relief as the Court seems just.

Dated: January 30, 2025

MARY R. JENSEN
UNITED STATES TRUSTEE
REGION 12

BY:/s/ Sarah J. Wencil
Sarah J. Wencil
Trial Attorney
Office of the United States Trustee
Suite 1015 U.S. Courthouse
300 S. 4th Street
Minneapolis, MN 55415
(612) 664-5500
IA ATTY NO. 14014